IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KLAUS E. MONKEMULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| RICARDO F. SOTOMORA, | ) | 00-C-1058-S |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION DENYING MOTION
TO DISMISS OR TRANSFER**

In this diversity action, Defendant Ricardo F. Sotomora has moved the Court to either dismiss this case or transfer it to the federal district court in Little Rock, Arkansas. For the reasons which follow, the motion to dismiss or transfer will be denied.

I

Both parties are medical doctors. Plaintiff Klaus E. Monkemuller is a resident of Birmingham, Alabama; Defendant Ricardo F. Sotomora is domiciled in Little Rock, Arkansas. Plaintiff is or was the brother-in-law of Defendant. Defendant is employed by the University of Alabama in Birmingham ("UAB") Hospitals.

According to the complaint, Plaintiff and his wife, Defendant's sister, are involved in a divorce proceeding in Jefferson County, Alabama. In her divorce complaint, Mrs. Monkemuller asserts that she is entitled to a divorce on the grounds of "irretrievable

breakdown" of the marriage and "incompatibility of temperament." None of the pleadings in that proceeding allege battery and/or domestic abuse as grounds for the divorce.

The complaint further alleges that on January 20, 2000, Defendant sent to Plaintiff's mentor and fellow UAB physician, Dr. Charles M. Wilcox, a letter which reads, in relevant parts:

> [You] may find it interesting to learn that my sister Paola has sued her husband Dr. Klaus Monkemuller for divorce on the grounds of Domestic Abuse and Battery. She had to flee her house in the middle of December seeking shelter after a beating that required medical care. A judge in Birmingham found enough evidence to issue a restraining order against Dr. Monkemuller to protect Paola and their daughter Kirsten.

The letter was received by Dr. Wilcox and discussed with Plaintiff. Plaintiff denies these allegations.

Defendant has traveled to Alabama on three separate occasions. On the first such occasion, he helped his sister hire a divorce attorney. On the second trip to Alabama, Defendant went to court with his sister in a pretrial hearing in the divorce proceeding. On the third occasion, Defendant accompanied his sister when she submitted to a deposition in the divorce proceeding.

II

Defendant argues that the case should be dismissed because this Court lacks *in personam* jurisdiction over him. He asserts that he lacks minimum contacts with

Alabama; and that the exercise of personal jurisdiction over him would offend traditional notions of fair play and substantial justice.

When a forum seeks to assert specific personal jurisdiction over a non-resident defendant, due process requires "minimum contacts," i.e., that defendant has 'fair warning' that a particular activity may subject him to the jurisdiction of the forum state. *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990), *citing Burger King v. Radzesicz*, 471 U.S. 462, 472 (1985); *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J. concurring in judgment). The "fair warning" requirement is met where the non-resident defendant purposefully directed an activity at the forum, and the lawsuit arises out of or relates to that activity. While random, fortuitous, or attenuated contacts will not suffice, "where defendant's contacts with the forum proximately results from action by defendant **himself** that create a 'substantial connection' with the forum state," jurisdiction is proper.

Once the minimum contacts prong of the jurisdiction inquiry is satisfied, then the court must consider whether the assertion of jurisdiction comports with "fair play and substantial justice." Relevant factors include (1) the burden of defendant in defending the lawsuit in the forum state, (2) the forum state's interest in adjudicating the dispute, (3) plaintiff's interest in obtaining convenient and effective relief, and (4) the respective federal and state interests.

III

Applying the law to the facts, the motion must be denied. When Defendant sent the allegedly libelous letter to Dr. Wilson in the State of Alabama, he understood and intended that the letter would have its effects in this state. This lawsuit arose out of that letter. Surely, Defendant knew that the offending letter might subject him to the jurisdiction of the Alabama courts. *See Calder v. Jones*, 465 U.S. 783 (1984); *Coblentz v. GMC/Freightliner, Inc., v. General Motors Corp.*, 724 F. Supp. 1364 (M.D.AL. 1989).

Notions of fair play and substantial justice are not offended by the assertion of specific personal jurisdiction in this case. The burden of defending this lawsuit in Alabama is bearable. The alleged transgression occurred in Alabama; its alleged effects were felt in Alabama. Except for Defendant, all of the witnesses and documents are in Alabama. Indeed, if the case were transferred to the Arkansas district court at this juncture, a [28 U.S.C.] § 1404 motion to transfer it back to this Court would probably be successful. And Alabama has an interest in adjudicating this dispute, because it is based on Alabama law, rather than the law of the State of Arkansas. The varying interest are all best accommodated by the assertion of specific personal jurisdiction over Defendant in this forum.[1]

By separate order, the motion will be denied.

---

[1] Not without significance, Defendant has, on his own, come into the Alabama courts to assist in the defense of his sister's divorce case.

4

DONE this \_\_11th\_\_ day of October, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON